UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN D. WHITE,

    Plaintiff,

        v.                             CAUSE NO. 3:20-CV-296-JD-MGG

NEAL, et al.,

    Defendants.

OPINION AND ORDER

Kevin D. White, a prisoner without a lawyer, filed a complaint alleging a constitutional violation after he was left in handcuffs in his cell for two and a half hours. ECF 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the complaint, on October 19, 2017, White's cell house was on lockdown when he was escorted back from a medical pass in handcuffs. ECF 1 at ¶ 1. An on-the-job trainee, supervised by Sgt. O. Washington, secured him in his cell at 5 pm and said he would return shortly to remove the handcuffs. *Id.* at ¶ 2. After 15 minutes had passed and no one came, White started yelling for Washington. *Id.* at ¶ 3. After an

hour with no response, White realized the shift had changed. *Id.* Finally, at 7:30 pm, another officer removed the handcuffs. *Id.* White filed grievances about the incident and was told the trainee made a mistake and it will never happen again. *Id.* at ¶¶ 6-7, 9.

As an initial matter, it appears that the complaint is untimely. White alleges the incident happened on October 19, 2017, ECF 1 at ¶ 1, but he did not file suit until March 2020. Indiana's two-year limitations period applies to this case. *Behav. Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir 2005). "A claim accrues for § 1983 purposes when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (quotation marks and citation omitted). Here, White knew or should have known his rights were violated on October 19, 2017. By March 2020 it was too late to file suit. Although the statute of limitations is an affirmative defense, dismissal is appropriate when it is clear that a claim is time barred. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

Even if the claim were not time barred, the allegations in the complaint do not state a constitutional violation. The Eighth Amendment protects prisoners from cruel and unusual punishment, not temporary inconveniences. *See Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989). An Eighth Amendment violation has two prongs. "First, the deprivation alleged must be objectively, sufficiently serious. Second, the mental state of the prison official must have been one of deliberate indifference to inmate health and safety." *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018).

The hardship here—two and a half hours in handcuffs—does not rise to the level of deprivation required to satisfy the objective prong. "[E]xtreme deprivations are

required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The plaintiff must first establish an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (quotation marks and citation omitted). Even giving White the inferences he is entitled to at this stage, the complaint does not plausibly allege that two and a half hours in handcuffs created an excessive risk to White's health and safety under these circumstances.

Turning to another possible constitutional provision, the Seventh Circuit has acknowledged that prisoners retain some measure of freedom from unreasonable seizures under the Fourth Amendment. *See Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997); *cf. Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020) (en banc) ("[T]he Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand."). In determining whether an action is a seizure under the Fourth Amendment, courts look to whether it "deprive[d] a person of some meaningful measure of liberty to which he is entitled." *Leslie*, 125 F.3d at 1135. In the prison context, the "liberty to which he is entitled" under the Fourth Amendment is the same as a prisoner's freedom from restraint under the Fourteenth Amendment's Due Process Clause. *Id.* Therefore, the court looks to whether the restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Being placed in handcuffs is an

3

ordinary incident in prison life. The complaint contains no allegations to suggest the two-and-a-half-hour duration rises to the level of a significant hardship. Therefore, White was not seized for purposes of the Fourth Amendment.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow White to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Kevin D. White leave to file an amended complaint by **February 22, 2021**; and

(2) CAUTIONS Kevin D. White that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED on January 20, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT